28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark S. NELSON, Plaintiff-Appellant,
v.
John IGNACIO; John Chambers, Lt., Roger Jacobs; William
Valentine, Defendants-Appellees.
 No. 93-16187.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 8, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Nelson, a Nevada state prisoner, appeals pro se the district court's denial of his preliminary injunction in his 42 U.S.C. Sec. 1983 civil rights action. Nelson contends that the defendant prison officials are denying him access to the courts by restricting the amount of free photocopying he may have to a limit of $100.00 indebtedness. We have jurisdiction pursuant to 28 U.S.C. Sec. 1292(a)(1) to review the denial of Nelson's motion for a preliminary injunction.[1] We affirm.
 
 
 3
 A district court's order regarding preliminary injunctive relief is subject to limited review. Senate of California v. Mosbacher, 968 F.2d 974, 975 (9th Cir.1992). The grant or denial of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or clearly erroneous factual findings. Id. A preliminary injunction may issue only if the moving party can demonstrate either a likelihood of success on the merits and the possibility of irreparable injury, or the existence of serious questions going to the merits and the balance of hardships tipping in the moving party's favor. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985). The moving party must demonstrate that there is a significant threat of irreparable injury. Id.
 
 
 4
 Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). This circuit has distinguished the core Bounds requirements of adequate law libraries or adequate assistance from persons trained in the law from non-core requirements such as availability of paper, pens, and other supplies. See Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). When alleging a deprivation of a non-core requirement, a prisoner must allege an actual injury: a specific instance in which the prisoner was actually denied access to the courts. Id. at 1171.
 
 
 5
 Here, the district court found that Nelson has failed to show that he has been denied meaningful access to the courts because inmates have no constitutional right to free and unlimited photocopying, and he has not shown that the court will not accept carbon copies or other duplicates. Having reviewed the record, we conclude that these findings are not clearly erroneous. See Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991) (This court and other courts have rejected any constitutional right to unlimited free photocopying.). Further, Nelson has not demonstrated that there is a significant threat of irreparable injury. See Oakland Tribune, Inc., 762 F.2d at 1376. Nor has he presented evidence that the denial free copywork has resulted in an actual injury, that is, a specific instance in which Nelson was denied access to the courts. See Sands, 886 F.2d at 1171. Accordingly, the district court did not abuse its discretion by denying Nelson's request for injunctive relief. See Mosbacher, 968 F.2d at 975.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, Nelson filed a motion for "temporary restraining order and/or preliminary injunction." To the extent that Nelson seeks review of the denial of a preliminary injunction, the order is appealable. See Religious Technology Ctr., Church of Scientology v. Scott, 869 F.2d 1306, 1307 (9th Cir.1989)